UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 06-211-GFVT

DIANE COLLINS,                                                              PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                             AND RECOMMENDATION**

MICHEAL J. ASTRUE,[1]
Commissioner of Social Security,                              DEFENDANT.

## I. INTRODUCTION

Plaintiff, Diane Collins, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Supplemental Security Income ("SSI"). This matter has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Now ripe for decision on the pending motions, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment [R. 9] be granted in part and denied in part, Defendant Commissioner's motion to enter judgment and to remand [R. 11] be granted, and this matter remanded to the Commissioner for further proceedings.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007.

On August 22, 2001, Plaintiff filed an application[2] for SSI. [Tr. 283-86.] That claim was denied initially and on reconsideration. [Tr. 261-64; 267-70.] At Plaintiff's request, an administrative hearing, presided over by Administrative Law Judge John M. Lawrence ("ALJ"), was conducted on September 11, 2002. [Tr. 591-609.] Plaintiff, accompanied by counsel, testified at the hearing. [Id.] Also testifying was vocational expert Carol Tarvin ("VE Tarvin"). [Id.] On October 15, 2002, the ALJ found that Plaintiff was not disabled and, as a consequence, not entitled to SSI. [Tr. 440-49.] The Appeals Council subsequently granted Plaintiff's request for review and remanded the case back to the ALJ on May 22, 2004. [Tr. 452-55.]

At the direction of the Appeals Council, a second hearing, presided over by ALJ Lawrence, was conducted on January 4, 2005. [Tr. 610-47.] Plaintiff, accompanied by counsel, testified at the hearing. Also testifying were vocational expert Betty Hale ("VE Hale"), and medical expert Dr. Dixie Moore, Ph.D. [Id.] On March 18, 2005, the ALJ again found Plaintiff not disabled. [Tr. 26-33.] Thereafter, the Appeals Council declined to review the ALJ's decision [Tr. 16-19], and Plaintiff now seeks judicial review.

Plaintiff was thirty-six (36) years old at the time of the administrative decision. [Tr. 26.] Plaintiff has a fourth grade education and no vocationally relevant past work

---

[2] It appears that Plaintiff had filed a previous application for SSI on November 17, 1999. [Tr. 79-83.] The claim was denied initially and on reconsideration. [Tr. 67-70; 73-75.] On February 13, 2001, Administrative Law Judge Arthur J. Schultz presided over an administrative hearing at which Plaintiff testified. [Tr. 562-590.] Also testifying was vocational expert Linda Sparrow. [Id.] On May 31, 2001, the ALJ found that Plaintiff was not disabled. [Tr. 55-61.] There is no evidence in the record indicating that this claim was pursued any further.

experience.  [Id.]  Plaintiff alleges that she became disabled on August 15, 1999, due to nerves, leg pain, arthritis, migraine headaches, and depression.  [Id.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920.  This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 15, 1999, the alleged onset date of disability.  [Tr. 32.]  At the second step, the ALJ found that Plaintiff's medically determinable impairments were severe within the meaning of the Regulations, see 20 C.F.R. § 416.920(c).  [Id.]  Those impairments included mild mental retardation and mood disorder, not otherwise specified.  [Id.]  At the third step, the ALJ found that Plaintiff's medically determinable impairments were not severe enough to meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1.  [Id.]  At the fourth step, the ALJ found that Plaintiff had no past relevant work, see 20 C.F.R. § 416.965.

[Id.]   At the fifth and final step, relying on the testimony of the VE and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity ("RFC"), the ALJ found that Plaintiff was capable of making a successful adjustment to work existing in significant numbers in the national economy and denied her claim for SSI on that basis.  [Id.]

An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567, *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708, *11 (6th Cir. Jan. 12, 2001).  In this case, the ALJ found the Plaintiff's RFC to be the following:

> The claimant has no exertional limitations.  She is restricted to simple routine tasks that do not involve extended periods of concentration; restricted to low stress work environment with little interaction with co-workers or general public.  She may require proximity of supervisor, but not a hands on supervisor.

[Tr. 30.]

Although not per se required, the testimony of a VE is the preferred method of evaluating whether a claimant is capable of making a successful adjustment to work found in significant numbers in the national economy.  See Janik v. Sec'y of Health & Human Servs., 1988 U.S. App. LEXIS 17043, *12 (6th Cir. Dec. 14, 1988); Hooper v. Sec'y of Health & Human Servs., 1984 U.S. App. LEXIS 13538, *9 (6th Cir. Dec. 3, 1984); O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978).  In this case, the first

4

page of the January 4, 2005 hearing transcript reflects that VE Betty Hale appeared.  [Tr.

610.]  The ALJ's decision also discusses the VE's testimony from that hearing.  [See Tr. 31-

32.]  The actual hearing transcript, however, does not contain any testimony from the VE.

Nonetheless, according to the ALJ, the VE testified that:

> assuming the hypothetical individual's specific work restrictions, she is
> capable of making a vocational adjustment to other work.  The vocational
> expert testified that given all of these factors the hypothetical individual could
> perform assembly jobs (medium exertional level) with 6,000 such jobs in the
> state of Kentucky and 309,000 such jobs in the national economy; assembly
> jobs (light exertional level) with 14,700 such jobs in the state of Kentucky and
> 739,700 such jobs in the national economy; off bearer jobs (medium exertional
> level) with 7,610 such jobs in the state of Kentucky and 429,800 such jobs in
> the national economy; off bearer jobs (light exertional level) with 12,200 such
> jobs in the state of Kentucky and 687,700 such jobs in the national economy;
> stocker, bagger jobs (medium exertional level) with 14,600 such jobs in the
> state of Kentucky and 766,000 such jobs in the national economy; and stocker,
> bagger jobs (light exertional level) with 2,700 such jobs in the state of
> Kentucky and 199,300 such jobs in the national economy.

[Tr. 31.]

The ALJ found Plaintiff not disabled at step five of the sequential evaluation process,

based on the VE's testimony.  See 20 C.F.R. §§ 416.920(g).  The Appeals Council denied

Plaintiff's request for review and adopted the ALJ's decision as the final decision of the

Commissioner on July 25, 2006.  [Tr. 16-19.]  Plaintiff thereafter filed this action, and

Plaintiff's motion for summary judgment [R. 9] and Defendant Commissioner's motion to

enter judgment and to remand [R. 11] are now ripe for review.

## III. ANALYSIS

The Commissioner seeks remand of this case for the following reasons: (1) to update

the medical evidence and remove pages 383-386[3] from the record as those pages do not relate
to the Plaintiff; (2) to obtain all school records and any previous intelligence testing to
determine whether Plaintiff functions in the mild range of mental retardation, and fully
evaluate the requirements of Listing § 12.05C; (3) if necessary, obtain orthopedic and mental
status consultative examinations, and fully evaluate all opinion evidence from the treating
and examining physicians and specifically articulate what weight was given to each opinion;
and (4) if necessary, the ALJ will hold a supplemental hearing and obtain evidence from a
vocational expert.  [R. 11.]  Therefore, the Commissioner requests that the Court enter a
judgment reversing the Commissioner's decision and remand it to the Commissioner under
sentence four of 42 U.S.C. § 405(g) for further consideration.  [Id.]

A. Remand

The Social Security Act authorizes a reviewing court to reverse a Commissioner's
decision and remand a case to the Commissioner for further administrative proceedings.  42
U.S.C. § 405(g).  Sentence four of 42 U.S.C. § 405(g) provides that "the court shall have the
power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying,
or reversing the decision of the Commissioner of Social Security, with or without remanding
the case for a rehearing."  See also Shalala v. Schaefer, 509 U.S. 292 (1993); Melkonyan v.
Sullivan, 501 U.S. 89 (1991).

Remand to the Commissioner is appropriate "when there are gaps in the administrative

_____

[3] The undersigned notes that these pages have already been removed from the copy of the
Transcript before the Court.

6

record or the ALJ has applied an improper legal standard." <u>Rosa v. Callahan</u>, 168 F.3d 72, 82-83 (2d Cir. 1999).  A sentence four remand provides the required relief in cases where there is insufficient evidence on the record to support the Commissioner's conclusions and further fact-finding is necessary.  <u>Faucher v. Sec'y of Health & Human Servs.</u>, 17 F.3d 171, 174 (6th Cir. 1994).  Thus, if the reviewing court finds that the ALJ's determination was not supported by substantial evidence, remand is proper.  <u>See</u> <u>Rivera v. Barnhart</u>, 379 F. Supp. 2d 599, 604 (S.D.N.Y. 2005) (internal citations omitted).

### B. Plaintiff's Contentions

On appeal, Plaintiff raises five arguments.  Plaintiff's first argument is that the ALJ erred in failing to find that the Plaintiff suffers from severe physical impairments and in failing to consider the effects of these impairments on her ability to work.  [R. 10 at 8-12.] Plaintiff next argues that the ALJ erred in ignoring the opinion of the Plaintiff's treating orthopedic specialist.  [<u>Id.</u> at 12-13.]  For her third argument, Plaintiff contends that the ALJ erred in failing to find that the Plaintiff meets or medically equals the Listing of Impairments 12.05(c).  [<u>Id.</u> at 13-20.]  Plaintiff's fourth argument is that the ALJ's RFC determination is not supported by substantial evidence.  [<u>Id.</u> at 20-21.]  In her fifth and final argument, Plaintiff alleges that the Commissioner has failed to establish that there is other work in the national economy that Plaintiff can perform.  [<u>Id.</u> at 22.]

### C. Gaps in the Record

A review of the record reveals multiple problems, including medical records which do not pertain to the Plaintiff and an incomplete transcript from the administrative hearing

held on January 4, 2005. As noted above, the Defendant Commissioner requests that pages 383-386 be removed from the Transcript because they are not related to the Plaintiff. The Court notes, however, that those pages have already been removed from the Transcript before the Court. As such, no action is necessary regarding those pages. On the other hand, as Plaintiff correctly points out, pages 340-342 also do not pertain to the Plaintiff. Therefore, the undersigned will recommend that pages 340-342 be removed from the Transcript.

More troubling than the inclusion of irrelevant medical documents is the absence of critical testimony from the administrative hearing. [See Tr. 610-47.] The transcript of the hearing ends on page 647. At that point, Plaintiff's attorney was in the middle of a line of questioning of the medical expert, Dr. Moore. [Id. at 646-47.] Dr. Moore's testimony pertained to whether Plaintiff met or equaled Listing 12.05(C). There was no logical break, and it does not appear that the expert had concluded her testimony. Moreover, while it appears that Dr. Moore's testimony is incomplete in the hearing transcript, the testimony of the VE is entirely absent. The first page of the hearing transcript, page 610, indicates that vocational expert Betty Hale appeared at the hearing. The ALJ also specifically discusses the VE's testimony, including her response to the hypothetical question. [Tr. 31-32.] The hearing transcript, however, does not include any testimony whatsoever from the VE.

These problems with the administrative record are more than mere inconveniences; they effectively prevent the Court from fulfilling its statutory obligation - namely, to inquire whether the Commissioner's decision is supported by substantial evidence. Section 405(g) requires that "[a]s part of the Commissioner's answer the  Commissioner of Social Security

8

shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." Thus, if the Court concludes that the record before it is not the full and complete record upon which the agency based its decision, the Court may presumably reverse the decision in light of the Commissioner's failure to provide the necessary materials to the Court to allow meaningful review. See Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 484 n.8 (6th Cir. 2006); see also Russell v. Comm'r of Soc. Sec., 32 Fed. Appx. 737, 739 (6th Cir. 2002) (per curiam) (remanding under sentence four when the record failed to include specific, original evidence, and thus left the courts to review only part of the record relied upon by the ALJ). Because the evidence on record is insufficient to support the Commissioner's conclusions and further factfinding is necessary, the undersigned will recommend that this matter be remanded to the Commissioner.

D. Treating Physician

Notwithstanding the conclusion above, the record is complete enough to determine that the ALJ improperly failed to discuss the opinion of Plaintiff's treating orthopedic specialist, Dr. Lyons. Plaintiff contends that the ALJ did not set forth any basis in his decision for rejecting Dr. Lyons' opinion. Defendant Commissioner essentially concedes this point and requests that this case be remanded for further proceedings.

The Regulations provide a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 416.927(d)(2). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); see also Hickey-Haynes v. Barnhart, 116 Fed. Appx. 718, 725 (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ's decision gave good reasons for failing to give controlling weight to a treating source opinion, as required by the governing Regulation); 20 C.F.R. § 416.927(d)(2). In fact, the ALJ is required to explain and provide "good reasons" for the failure to credit a treating physician's opinion. 20 C.F.R. § 416.927(d)(2). The failure to do so is a ground for remand. See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

Here, the ALJ wholly failed to discuss the opinion of Plaintiff's treating orthopedic specialist, Dr. Lyons, let alone explain the weight accorded to it. Dr. Lyons based his opinion on x-rays and MRI testing and concluded that Plaintiff was probably disabled because there were no surgical options for her. [Tr. 467.] The ALJ does make reference to that exhibit, but only to note that Plaintiff was assessed with low back pain. The ALJ then concludes that the evidence indicates that these "alleged and/or diagnosed impairments, alone on [sic] in combination, have no more than a minimal effect on the claimant's ability to

10

perform basic work-related activities, and so are 'not severe.'" [Tr. 29.]

The ALJ's treatment fails to discuss Dr. Lyons' opinion in any meaningful way. Indeed, the ALJ fails to even acknowledge that Dr. Lyons expressed an opinion that Plaintiff was probably disabled. In concluding that the impairments had no more than a minimal effect on Plaintiff's work-related abilities, the ALJ did not discuss the weight accorded to Dr. Lyons's opinion. As noted above, the ALJ was required to discuss this opinion and provide good reasons for failing to give it controlling weight. 20 C.F.R. § 416.927(d)(2). Consequently, the ALJ's failure to do so is a ground for remand.

That leaves the question of whether further fact-finding is required. "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher, 17 F.3d at 176 (6th Cir. 1994).

In this case, the Court finds that the record requires further development. A remand for additional fact-finding is required for the following purposes: (1) to update the medical evidence and remove pages 340-342 from the record as those pages do not pertain to the Plaintiff; (2) to obtain all school records and any previous intelligence testing to determine whether Plaintiff functions in the mild range of mental retardation, and fully evaluate the requirements of Listing 12.05(C); (3) if necessary, to obtain orthopedic and mental status consultative examinations, and fully evaluate all opinion evidence from the treating and examining physicians and specifically articulate what weight was given to each opinion; and

11

(4) if necessary, to hold a supplemental hearing and obtain evidence from a vocational expert.

## IV. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's motion to enter judgment and remand [R. 11] be granted; Plaintiff's motion for summary judgment [R. 9] be granted in part, to the extent that it seeks reversal of the Commissioner's decision and remand, and denied in part, to the extent that it seeks any other relief; Judgment be entered reversing the Commissioner's final decision and remanding this action for further consideration as set forth above; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 8, 2007.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge