UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| DIANE COLLINS ) | | |
| ) | | |
| Plaintiff, ) | | Civil No. 06-211-GFVT |
| ) | | |
| V. ) | | |
| ) | | |
| MICHAEL J. ASTRUE, Commissioner of ) | | **ORDER** |
| Social Security Administration ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

*** *** *** ***

The Plaintiff, Diane Collins, brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Social Security Administration ("Commissioner"), which denied her application for disability insurance benefits. [R. 2]. Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a report and recommendation containing the proposed findings and recommendations. [R. 12].

On June 8, 2007, Magistrate Judge Atkins filed his Report and Recommendation. [R. 16]. In his Report, the Magistrate Judge concluded that the "record requires further development" and that "remand for additional fact-finding is required for the following reasons:

> (1) to update the medical evidence and remove pages 340-342 from the record as those pages do not pertain to the Plaintiff; (2) to obtain all school records and any previous intelligence testing to determine whether Plaintiff functions in the mild range of mental retardation, and fully evaluate the requirements of Listing 12.05(C); (3) if necessary, to obtain orthopedic and mental status consultative examinations, and fully evaluate all opinion evidence from the treating and examining physicians and specifically articulate what weight was given to each opinion; and (4) if necessary, to

hold a supplemental hearing and obtain evidence from a vocational expert. [Id.]. Further, the Report went on to recommend that the "Defendant Commissioner's motion to enter judgment and remand [R. 11] be granted; Plaintiff's motion for summary judgment [R. 9] be granted in part, to the extent it seeks reversal of the Commissioner's decision and remand, and denied in part, to the extent that it seeks any other relief; Judgment be entered reversing the Commissioner's final decision and remanding this action for further consideration as set forth above; and that this action be stricken from the Court's docket. [Id.]. The parties were given ten (10) days from the filing of the Report and Recommendation to file objections. [Id.].

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Nevertheless, this Court has examined the record, and having made a *de novo* determination, it agrees with the Magistrate Judge's report and recommendation. Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

1.    The Magistrate Judge's Report and Recommendation [R. 16] is **ADOPTED** as the opinion of this Court;

2.    The Defendant's Motion to Enter Judgment and to Remand [R. 11 is **GRANTED**;

3.    The Plaintiff's Motion for Summary Judgment [R. 9] is **GRANTED in part and**

**DENIED in part**.  The Motion is **GRANTED** to the extent it seeks reversal of the Commissioner's decision and remand.  The remainder of the Motion is **DENIED without prejudice**; and

  4. A separate Judgment is entered contemporaneously herewith.

This the 21st day of March, 2008.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge